| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |
| BEFORE: STEVEN I. LOCKE<br>U.S. MAGISTRATE JUDGE | DATE: 5/13/2025<br>TIME: 2:00 pm |

CASE:  CV 23-8601(RPK) Daly et al v. Miller Place Union Free School District et al
TYPE OF CONFERENCE:    MOTION            FTR: 2:00-2:24
APPEARANCES:
     For Plaintiff:   Suzanne Myron

     For Defendant: Mark Radi

**THE FOLLOWING RULINGS WERE MADE:**

☒     Other:   Oral argument held.  Plaintiff's motions concerning extensions of time related to non-party witnesses who failed to appear for their depositions, DE [108] and [112], are granted without opposition.  Plaintiff will submit subpoenas for these witnesses to be So Ordered by the Court (after consulting with defense counsel about mutually convenient dates).  Plaintiff's motion for an extension of time to serve expert disclosure as to one remaining expert, DE [109], is granted over Defendants' opposition.  The disclosures will be served on June 3, 2025.  Defendants' deadline for all rebuttal expert disclosure is extended to July 10, 2025 consistent with the colloquy on the record.

    As to a confidentiality order, the Court will use the "baseball arbitration" method explained on the record.  By the end of today. Defendants will serve on Plaintiff a proposed confidentiality order in hard copy and Word such that it may be edited.  Plaintiff will then serve a blacklined version of the same draft with proposed edits on Defendants on May 20, 2025.  The parties will meet a confer about any disputes and then, if the disputes cannot be resolved, submit the blacklined version to the Court, along with each side's unmarked draft and the Court will consider each version.  These filings should be made on May 28, 2025.

    Finally, Defendants will be given access to Plaintiff's cell phone to obtain discovery concerning: (1) alleged contact with the purported bullies; and (2) therapy and similar evidence relevant to the issue of emotional distress damages.  In the event that nothing relevant exists concerning (1) above on the current cellphone, the parties will coordinate in an effort to download call/text logs from the call carrier to show whether any purported contact occurred.  As to this cellphone discovery, this should occur as soon as possible, but defense counsel is ordered to maintain this information on an attorney's eyes only basis until a confidentiality order is entered by the Court and an appropriate designation can be made consistent with any such order.

SO ORDERED

 /s/Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge